United States District Court
Southern District of Texas
ENTERED
August 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANIBAL ESPINOZA GOMEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-5162 |
| | § | |
| RAYMOND THOMPSON, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Anibal Espinoza Gomez ("Petitioner"), a citizen of Nicaragua, entered the United States as an arriving alien on June 26, 2022.[1] That same day he was charged with removability and released on his own recognizance.[2] On April 12, 2025, Petitioner was arrested and taken into immigration custody.[3] That same day Petitioner was served with a Notice to Appear, charging him with removability pursuant to Immigration and Nationality Act § 212(a)(7)(A)(i)(I), as an alien "who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document."[4] On November 3, 2025, an

[1]Response to the Petition for Writ of Habeas Corpus and Motion to Stay and in the Alternative, Motion to Dismiss and/or for Summary Judgment ("Respondent's MSJ"), Docket Entry No. 12, p. 2; Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 12-1, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 12, p. 2.

[3]Id. at 3.

[4]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 12-1, p. 2.

immigration judge granted Petitioner's application for asylum.[5] The Department of Homeland Security has appealed that decision and Petitioner remains in immigration custody.[6] On June 29, 2026, Alexi Ramos Araujo filed a Petition for Writ of Habeas Corpus ("Habeas Petition") (Docket Entry No. 1) on behalf of Petitioner before the undersigned judge. Petitioner argues that his detention without a bond hearing violates due process.[7]

On July 6, 2026, Petitioner filed his own habeas petition, which was docketed as Civil Action Number H-26-5345 and assigned to Judge Charles Eskridge. Petitioner alleged that his detention without a bond hearing violated the Immigration and Nationality Act and due process.[8] On July 29, 2026, Judge Eskridge granted the Government's Motion for summary judgment, denied Petitioner's petition for writ of habeas corpus, and entered a final judgment dismissing Petitioner's claims with prejudice.[9]

---

[5]Respondents' MSJ, Docket Entry No. 12, p. 3.

[6]Id.

[7]Habeas Petition, Docket Entry No. 1, pp. 2–3.

[8]Petition for Writ of Habeas Corpus in 26-cv-5345, Exhibit 1 to Motion for Leave to Supplement Responsive Motions, Docket Entry No. 13-1, pp. 1–2.

[9]Order on Dismissal, Exhibit 3 to Motion for Leave to Supplement Responsive Motions, Docket Entry No. 13-3, pp. 2–5; Final Judgment, Exhibit 4 to Motion for Leave to Supplement Responsive Motions, Docket Entry No. 13-4, p. 2.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1)[10] and Respondent's Motion for Summary Judgment (Docket Entry No. 12) as amended by Respondent's Motion for Leave to Supplement Responsive Motions (Docket Entry No. 13).[11]

Petitioner is precluded from relitigating his due process claim. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Houston Professional Towing Association v. City of Houston, 812 F.3d 443, 447 (5th Cir. 2016) (internal quotations omitted). "Res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." Id. (internal quotations omitted). To determine whether two suits involve the same claim, courts determine whether "the two cases are based on the same nucleus of operative facts." Id. (internal quotations omitted). "It is the nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted that defines the claim." Id. (internal quotations omitted). All four elements are met here. The petitions were filed by Petitioner or on Petitioner's behalf, see Gerhart v. Rankin County, CIVIL ACTION NO.: 3:11-CV-586-HTW-LRA, 2018 WL 4224469, at *4 (S.D. Miss. Sept. 5, 2018) ("It would be a strange result for this court to find that [the plaintiff], asserting his own claims as an adult, is not a party in privity with his parents asserting claims on his behalf."), the final judgment dismissing the July 6, 2026, petition was rendered by this

---

[10]Araujo has also filed an Emergency Motion to Prevent the Transfer or Removal or the Detainee Pending Resolution of the Writ of Habeas Corpus (Docket Entry No. 2).

[11]On August 20, 2026, the court entered an order granting Respondent's Motion for Leave to Supplement Responsive Motions after he had learned that "Petitioner ha[d] filed two other habeas petitions concerning his present immigration detention." Order, Docket Entry No. 14, p. 1.

court, and both petitions are based on Petitioner's present immigration detention without a bond hearing. Additionally, both petitions assert that "the deprivation of liberty without adequate individualized review violates the substantive and procedural due process protection guaranteed by the Fifth Amendment to the United States Constitution."[12]

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 12) as amended by Respondent's Motion for Leave to Supplement Responsive Motions (Docket Entry No. 13) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED.**[13] Accordingly, Petitioner's Emergency Motion to Prevent the Transfer or Removal or the Detainee Pending Resolution of the Writ of Habeas Corpus (Docket Entry No. 2) is **DENIED AS MOOT**.

The court will enter a final judgment in favor of Respondent.

**SIGNED** at Houston, Texas, on this 21st day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

[12]Habeas Petition, Docket Entry No. 1, p. 2 ¶ 11; The July 6, 2026, petition claims that "[t]he absence of a meaningful hearing to evaluate whether [Petitioner's] detention remains necessary constitutes a violation of the fundamental constitutional protections afforded to all persons under the jurisdiction of the United States." Petition for Writ of Habeas Corpus, Exhibit 1 to Motion for Leave to Supplement Responsive Motions, Docket Entry No. 13-1, p. 3 ¶ 13.

[13]The court is aware that the deadline to file a response to Respondents' Motion for Summary Judgment as amended by Docket Entry No. 13 has not yet passed. But because the merits of this case have already been addressed, the court is granting Respondents' Motion for Summary Judgment without a response in the interest of judicial economy.